UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

TOMMY BRUMMITT,                    )
                                   )
            Petitioner,            )
                                   )
v.                                 )      Nos.   2:14-CR-17-JRG-MCLC-1
                                   )             2:15-CV-263-JRG
UNITED STATES OF AMERICA,          )
                                   )
            Respondent.            )

## MEMORANDUM AND ORDER

On September 28, 2015, Petitioner filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 49]. The petition relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual provision of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.* (suggesting that his prior aggravated burglary convictions only qualified as violent felonies under the now-defunct residual provision)]. Three months later—on December 28, 2015—Petitioner supplemented his original petition with two additional claims, one asserting ineffective assistance of counsel and another challenging the use of his aggravated burglary convictions as ACCA predicates in light of the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013) [Doc. 60]. The United States filed an aggregate response in opposition to relief on January 15, 2016 [Doc. 61]; Petitioner did not file a reply.

On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee ("FDSET") for the limited purpose of reviewing the case to determine whether or not Petitioner is eligible for collateral relief based on the *Johnson* decision. E.D. Tenn. SO-16-02 (Feb. 11, 2016). FDSET filed notice of a conflict of interest [Doc. 62], and this Court appointed

substitute CJA counsel to fulfill their obligations under the Standing Order [Doc. 63]. Consistent with that appointment, counsel filed a brief in support of *Johnson*-based relief from Petitioner's ACCA-enhanced sentence [Doc. 64]. Included in the brief is a request that this Court stay resolution of the underlying petition pending the Sixth Circuit's impending *en banc* decision in *United States v. Stitt*, 646 F. App'x 454 (6th Cir. 2016) [*Id.* at 5–7 ("Any decision regarding Mr. Brummitt's aggravated burglary convictions should be stayed pending decision by the Supreme Court in *Mathis v. United States* and the Sixth Circuit in *United States v. Stitt.*")]. The United States did not respond to the stay request and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. This Court construes the absence of any response as a waiver of objection.

"The question whether to stay a case pending a potentially dispositive decision in an appellate court is a pre-trial matter committed to the sound discretion of the [court]." *United States v. Johnson*, No. 3:11-CR-48, 2016 WL 4035187, at *1 (S.D. Ohio July 28, 2016). In light of the absence of a response in opposition and because the *Stitt* decision will likely clarify whether Tennessee aggravated burglary remains susceptible to categorization as a violent felony after the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), the Court finds that a stay is appropriate under the circumstances of the instant case.

For the reasons outlined above, the request for a stay [Doc. 64] is **GRANTED** and the action [E.D. Tenn. Case No. 2:15-CV-263-JRG] is **STAYED** pending issuance of the Sixth Circuit's *en banc* decision in *Stitt*. The parties are **DIRECTED** to file a joint status report within thirty (30) days of that decision.

**IT IS SO ORDERED.**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
