UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:14-CR-00017-1-JRG-DHI |
| ) | |
| TOMMY BRUMMITT ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Tommy Brummitt's Pro Se Motions [Docs. 75 & 82], Mr. Brummitt's Pro Se Motion for Appointment of Counsel [Doc. 86], and the United States' Response in Opposition [Doc. 83]. For the reasons herein, the Court will deny Mr. Brummitt's motions.

### I. BACKGROUND

In 2014, the United States indicted Mr. Brummitt on two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [Indictment, Doc. 1, at 1–2]. Mr. Brummitt entered into a plea agreement with the United States under Federal Rule of Criminal Procedure 11(c)(1)(C) and pleaded guilty to one count of being a felon in possession of a firearm. [Plea Agreement, Doc. 24, at 1; Minute Entry, Doc. 28]. In the parties' Rule 11(c)(1)(C) plea agreement, they agreed the appropriate term of imprisonment was 188 months. [Plea Agreement at 4].

At sentencing, Mr. Brummitt's base offense level was 24. [PSR, Doc. 35, ¶ 19]. He received a two-level increase under USSG § 2K2.1(b)(1)(A), a four-level increase under USSG § 2K2.1(b)(6)(B), and a two-level increase under USSG § 3C1.2—all of which raised his offense level to 32. [*Id.* ¶¶ 20–21, 24]. He also qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), and therefore received an enhancement

under USSG § 4B1.4, which brought his offense level to 33. [PSR ¶ 26]. After a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a) and a one-level reduction for acceptance of responsibility under USSG § 3E1.1(b), his total offense level was 30. [*Id.* ¶¶ 27–29]. His criminal history category was VI, and his guidelines range was 180 to 210 months. [Statement of Reasons at 1].[1] The Court sentenced him to 188 months, as requested by the parties in their Rule 11(c)(1)(C) plea agreement. [J., Doc. 47, at 2].

After the Sixth Circuit's decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), the Court vacated Mr. Brummitt's sentence and resentenced him to 120 months' imprisonment. [Mem. Op., Doc. 72, at 1–7; J., Doc. 73, at 1; Am. J., Doc. 74, at 1]. Mr. Brummitt now moves for a two-level reduction in his sentence, claiming he never received a two-level reduction for acceptance of responsibility. [Def.'s Mot, Doc. 82, at 1]. The United States opposes his motion. Having carefully considered the parties' arguments, the Court is now prepared to rule on Mr. Brummitt's motion.

## II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). Congress enacted one of those exception in § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[1] As an armed career criminal offender at sentencing, Mr. Brummitt was subject to a mandatory minimum sentence of 180 months under 18 U.S.C. § 924(e)(1).

2

In short, a prisoner will be eligible for a reduction under § 3582(c)(2) if he satisfies two requirements.

First, the prisoner must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Taylor*, 815 F.3d 248, 250 (6th Cir. 2016) (quoting *id.*). When a defendant and the United States enter into a Rule 11(c)(1)(C) plea agreement—which allows them to agree to a term of imprisonment but requires the Court's approval, Fed. R. Crim. P. 11(c)(1)(C), (c)(3)(A)—the defendant will still be eligible for a reduction so long as his original guidelines range "was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes v. United States*, 138 S. Ct. 1765, 1775 (2018).

Second, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Taylor*, 815 F.3d at 250 (quoting § 3582(c)(2)). USSG § 1B1.10 contains the Sentencing Commission's policy statements. *See* USSG § 1B1.10(a)(1) (providing that a reduction "shall be consistent with this policy statement"). In determining whether a reduction is consistent with USSG § 1B1.10, the Court first calculates "by what amount" a prisoner's sentence "may be reduced." 28 U.S.C. § 994(u); *see Dillon v. United States*, 560 U.S. 817, 826–27 (2010).

If a reduction is consistent with USSG § 1B1.10, the Court must then shift its attention to any applicable factors under 18 U.S.C. § 3553(a), as well as to public-safety factors, to determine—in its discretion—whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *see United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010) ("[T]he district court *may* reduce a previously imposed sentence if [the] statutory requirements . . . are met. Section 3582 does not create a *right* to a reduced

3

sentence, however." (citing USSG. § 1B1.10 cmt. background)); *see also* USSG § 1B1.10 cmt. n.1(B)(i) (stating that courts "shall consider the factors set forth in 18 U.S.C. § 3553(a)"); USSG § 1B1.10 cmt. n.1(B)(ii)–(iii) (stating that courts "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant").

## III.  ANALYSIS

According to Mr. Brummitt, "[b]efore [he] was resentenced [he] was deemed as an A.C.C.A. offender" and therefore "was not entitled to [his] 2 point reduction for accepting responsibility for [his] crime." [Def.'s Mot. at 1]. He contends that he is "now entitled to [his] 2 point reduction" because he is "no longer deemed as an A.C.C.A. offender." [*Id.*]. In response, the United States asserts that Mr. Brummitt is "mistaken" because the Court did in fact apply a three-level reduction for his acceptance of responsibility. [United States' Resp. at 2]. The United States is correct.

At sentencing, the probation officer calculated Mr. Brummitt's total offense level as 30, and that number included a three-level reduction for acceptance of responsibility. [PSR ¶¶ 27– 29]. The Court accepted and relied on this total offense level when it sentenced Mr. Brummitt to a guidelines-range sentence of 188 months, meaning that it did in fact apply a three-level reduction for acceptance of responsibility to his sentence. [Statement of Reasons at 1]. So Mr. Brummitt is, indeed, mistaken in arguing that he did not receive a reduction for acceptance of responsibility.

To the extent that Mr. Brummitt is arguing that the Court overlooked his reduction for acceptance of responsibility when resentencing him to 120 months' imprisonment, he is again mistaken. Even without the enhancement under the provisions of the ACCA, his total offense

4

level—when the Court includes his three-level reduction for acceptance of responsibility—is 29 and his criminal history category, given his criminal history score of 13, is VI. *See* [PSR ¶¶ 50–52 (calculating a criminal history score of 13)]. Under the 2014 Sentencing Guidelines, a total offense level of 29 and a criminal history category of VI results in a guidelines range of 151 to 188 months, and prior to resentencing, the parties agreed that the appropriate sentence for Mr. Brummitt, who at the time had served 44 months, was 120 months—the statutory maximum sentence. [Joint Status Report, Doc. 71, at 3].

A sentence of 120 months is the amended sentence that the Court, by agreement of the parties, imposed, and Mr. Brummitt's three-level reduction for acceptance of responsibility—which he unquestionably received as part of his sentence—did not bring his guidelines range below the statutory maximum of 120 months. He is not now entitled to another three-level reduction or to any further reduction in his sentence, nor is he entitled to counsel in pursuit of either. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Johnson v. Avery*, 393 U.S. 483, 488 (1969) (stating that courts are under no requirement "to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief" and that the onus to raise "a claim to post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls or the prison system" (citation omitted)).

## IV. CONCLUSION

Mr. Brummitt fails to identify any statutory or other legal basis for a sentence reduction. His pro se motions [Docs. 75 & 82] are therefore **DENIED**, and his motion for appointment of counsel [Doc. 86] is likewise **DENIED**.

So ordered.

ENTER:

                                                     s/J. RONNIE GREER
                                       UNITED STATES DISTRICT JUDGE